NOW COMES the above-named Plaintiff, and as and for a Complaint against the defendants herein, alleges as follows:

1. Plaintiff, Gordan Bates, is an adult residing at 3412 Valley Ridge Road, #1, Middleton, 53562, Wisconsin.
2. Defendant, DWD, is a State agency organized under and exists pursuant to the laws State of Wisconsin. DWD is responsible for the administration of job development for all employees
3. Defendant, Division of Vocational Rehabilitation (DVR), is State agency organized under and exists pursuant to the laws of State of Wisconsin.
4. Defendant Leslie Mirkin is an adult, DVR Director, employed by DVR, 1819 Aberg Avenue, Suite E.
5. Defendant, Karen Lambright, is an adult DVR rehabilitation counselor, employed by DVR, 1819 Aberg Avenue, Suite E
6. Defendant, Michael Schnapp, is an adult DVR rehabilitation counselor, employed by DVR, 1819 Aberg Avenue, Suite E.
7. Defendant, David Becker, is an adult. Impartial hearing officer, residing at 3326 Damon St.; Eau Claire, WI 54701
8. Defendant, Alliance of Impartial Hearing Officers, 3326 Damon St., Eau Claire, WI 54701 is agency organized under and exists pursuant to the laws State of Wisconsin.
9. Defendant Client Assistance Program was established by Congress and organized under Wisconsin Department of Agriculture, Trade, and Consumer Protection and exists pursuant to the laws State of Wisconsin.
10. Defendant Linda Vegoe, is am adult, CAP director, employed by Wisconsin Department of Agriculture
11. Defendant, Deb Henderson-Guenther, is an adult, CAP Complaint Investigator employed by Wisconsin Department of Agriculture (CAP)

COMPLAINT

12. This complaint is filed by the plaintiff Gordan Bates, pursuant to the Fourteenth Amendment to the Constitution of the United States and Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2; and Title IX Of The Civil Rights of 1972, 20 U.S.C. §§ 1681-88, which prohibits recipients of Federal financial assistance from discrimination on the basis of plaintiff disability and all other discriminations.
13. The Plaintiff alleges that defendants violated, inter alia, the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Civil Rights Act of 1964, 42 U.S.C.§ 2000h-2; and Title IX OF THE Civil Rights of 1972, 20 U.S.C. §§ 1681-88. Wis. Stat. § 941; Wis. Stat. § 943; Wis. Stat. § 106.04; Wis. Stat. § 895.443; Wis. Stat § 448.57; Wis. Stat. § 100.18(1); Rehabilitation Act of 1973; Wis. Sta. § 942.

## FACTUAL BACKGROUND

Defendants provide services characterized by systematic psychological abuse and humiliation performed by DVR counselor or a group with a view of damaging plaintiff reputation, honor, human dignity and integrity.
From September 2005 to August 2008 I (Gordan Bates) am forced three time to appeal defendant's service and make several contacts with Mr. Michael Greco, Mr. Leslie Mirkin, Mrs. Linda Vegoe (CAP), Mrs. Karen Lambright, Mr. Michael Schnapps ( DVR counselor), Mrs. Carla Lenk and Senator Mr. Jon Erpenbach and try to solve problem and move this case forward. Unfortunately without results

1. DVR services for plaintiff Gordan Bates start in September 2005. Before service start DVR request from plaintiff to made an investment into the plan. DVR counselor Mrs. Karen Lambright prepares Individualized Plan for Employment (IPE) and just request plaintiff to accept this plan. After three months and after unsuccessful search for job plaintiff Gordan Bates decided to ask Mrs. Kyle Stasiak (Vocational Specialist) support for business plan. She accepts and schedules an appointment with counselor Mrs. Karen Lambright. This counselor cancels this meeting and on my request to explain why she cancels this appointment, counselor responds with: "What business!? You need psychiatric evaluation, you can't keep job!
2. In January 2006 plaintiff Gordan Bates decide to appeal this decision and this type of work and meet with Mr. Michael Greco (DVR director) and Mrs. Linda Vegoe (CAP)
3. On 30 Jan., 2006 plaintiff provide conceptual business plan to Mrs. Linda Vegoe.
4. On 13 June, 2006 (Six months after appeal) Mrs. Linda Vegoe send e-mail to plaintiff. In this e-mail she wrote:" We assist individuals when DVR is not willing to move forward with an employment plan. In your case, DVR is willing to work with you."
5. On 7 July, 2006 plaintiff have meeting with Mrs. Carla Lenk, business consultant provided by DVR.
6. On 21 August, 2006 DVR received from plaintiff: A/. Business plan and B/. Equipment List. [On October 27, 2006]
7. In October 2006, DVR accept to support plaintiff plan and start financing with payment for web page and office expenses. Plaintiff also received instruction to start search for office place. When plaintiff find office place and first job DVR cancel previous decision and refused to pay rent for office.

8. In December 2006, plaintiff received information from DVR counselor about decision to submit business plan to business committee in January 2007.
9. In 24 January 2007 plaintiff received false information from DVR counselor Mrs. Karen Lambright about business committee decision to return business plan for further update. DVR counselor return first conceptual business plan provided to Mrs. Linda Vegoe on 20 January 2006. After my complaints about wrong business plan counselor responds: "Well, I'm doing my best." After all counselor lie about business committee meeting in January and February. Again plaintiff Gordan Bates appeals Mrs. Karen Lambright and DVR work in February 2007.
10. On 20 February, 2007 again plaintiff Gordan Bates appeals Mrs. Karen Lambright and DVR work.
11. On 23 February, 2007 meeting with Mr. Michael Greco (DVR director) and Mrs. Linda Vegoe (CAP). Both, Mr. Michael Greco and Mrs. Linda Vegoe at this meeting support business plan. DVR accept to support this plan with financing.
12. On 2 March, 2007 plaintiff received second business committee respond. Without any reasonable reason business committee refused to accept this business plan. There's been some misunderstanding and some misrepresentation about what the fact are and what we have in business plan and business committee have responsibility for this. This business plan explain start according to Wisconsin Statute in first year with three residential building, second year 6 residential building and for third years 9 residential building. Business plan also explains and provides information for plaintiff long term employment goal and include also licensing plan. Practically plaintiff will start this business for first three years like builder not architect and he need just 0.5%-1% from marketing to build successful business.
13. Again appeal and meeting with Mrs. Linda Vegoe and Mr. Michael Greco.
14. For meeting on 19 April 2007 DVR prepare another conflict and harassment for plaintiff. On this meeting, ten days after plaintiff father die DVR intentionally uses misrepresentation in connection with facts about plaintiff previous employment. On this meeting plaintiff was told: - a). Why you did not have job? - b). Why you need our help? - c). Would you like from me to close your case? - d) You need psychiatric evaluations! You can't work with clients! - e). You even don't have high school in this country! - f). And criminal history can also be possible problem for license. [False accusations]- g). You provide as with fraudulent information. – This meeting represents really specific form of services characterized by systematic psychological abuse and humiliation prepared to damage plaintiff reputation, honor, human dignity and integrity. Responsibility for

harassment and false accusations on this meeting lie on Mrs. Karen Lambright and Mrs. Deb Henderson- Guether.

15. Again appeal and meeting with Mr. Michael Greco and Mr. Leslie Mirkin. After all DVR provide new counselor Mr. Michael Schnapps.
16. June 1, 2007 –Meeting with Mr. Leslie Mirkin. On this meeting Mr. Leslie Mirkin (DVR director) accept responsibility for financing and plaintiff (Gordan Bates) have responsibility for "professional work".
17. July 5, 2007 – Meeting with Mrs. Carla Lenk, Mr. Fashad Maltes (Impact Seven – financial institution) and Mr. Michael Schnapp (counselor). Financial institution supports this plan and gives positive opinion. Unfortunately DVR, Mr. Leslie Mirkin and Mr. Michael Schnapps can't remember meeting and deal from June 1, 2007.
18. August 2, 2007 – We have meeting but everybody ignore this meeting.
19. August 13, 2007 – Meeting with Mrs. Carla Lenk, Mr. Michael Schnapp and plaintiff. DVR accept start-up financing "between" $20,000 to $35,000. After meeting Mr. Michael Schnapps again can't remember what he accepts.
20. September 24, 2007 – Meeting with Mr. Michael Schnapp. G.B establishes business connection with "Real Estate Investment Analysis" and request support from DVR for start-up from home. Mr. Michael Schnapp accepts this. With this plan plaintiff (Gordan Bates) will work from home and "Real Estate Investment Analysis" company will represent his company. After meeting Mr. Michael Schnapps again can't remember what he accepts on this meeting.
21. October 8, 2007 – Meeting with Mr. Leslie Mirkin. Mr. Mirkin can't remember deal from June 1, 2007 when he accepts financing responsibility. Mr. Mirkin starts meeting with story about plaintiff bad credit history and he identify this like reason for problem with start-up financing. Mr. Mirkin again starts with little provocation like:" How you think work when you have problem with people!" Mr. Leslie Mirkin refuse to start with financing because this business plan is not "Bank ready".
22. On 20 November, 2007 hearing officer Mr. David Becker deny plaintiff request for financial support. He wrote:" During the hearing Mr. Bates did not offer any evidence to justify an award of $70,000.00. Therefore, it is determined DVR's decision to deny funding for the business was proper." - Before hearing Impartial hearing officer received completed Business Plan on 51 pages. Mr. Becker ignores all evidence in this case and when he need evidence he make evidence for yourself. To cover fraudulent service for hearing DWD (DVR) submit open statement that makes a false claim, expressively stated to be factual, but calculated to give plaintiff a negative image in violation Wis. Stat. § 941; Wis. Stat. § 943; Wis. Stat. § 106.04; Wis. Stat. § 895.443; Wis. Stat § 448.57; Wis. Stat. § 100.18(1). Hearing officer Mr. David Becker without any evidence supports this false and

defamatory statement against Gordan Bates. This statement made and written by Mr. Leslie Mirkin (and supported by all defendants) as facts about case and facts about Gordan Bates are clearly defamation. Mr. David Becker, Impartial hearing officer, in rendering a decision to dismiss plaintiff request for support lied and made inflammatory and untrue statement about plaintiff and case and withheld critical evidence from file.

23. On January, 2008 Mrs. Linda Veago and Mr. Michael Greco can't remember anything about previous support for plaintiff.
24. From January 2008 plaintiff received support from Senator Mr. Jon Erpenbach for this case but after this support JoAnna Richard (DWD Dep. Secretary) decided to move case to legal department and legal action against plaintiff. What is legal basis for this action plaintiff Gordan Bates did not receive information.

The Defendant DWD actions and inaction's in response to the fraudulent service, misappropriation, harassment and defamation calculated to cover fraudulent service violate the Equal Protection Clause of the Fourteen Amendment to the Constitution of the United States and Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2; and Title IX Of The Civil Rights of 1972, 20 U.S.C. §§ 1681-88.; Wis. Stat. § 941; Wis. Stat. § 943; Wis. Stat. § 106.04; Wis. Stat. § 895.443; Wis. Stat § 448.57; Rehabilitation Act of 1973; Wis. Stat. § 100.18(1)

Such actions and inactions include the following:

a/. DWD officials with authority to rectify the situation were given notice from plaintiff and from State Senator Mr. Jon Erpenbach that Gordan Bates was being subjected to fraudulent service, harassment and discrimination on the basis of disability, but failed to take immediate and appropriate corrective actions.
b/. Officials with authority to rectify the situation had actual notice of, and were deliberately indifferent to the false and fraudulent service, misappropriation, harassment, false promises and discrimination to which Gordan Bates was subjected.
The deliberate indifference of DWD, DVR, CAP and State officials prevented Gordan Bates (plaintiff) from enjoying the employment and life benefits and opportunities by profession from 2005 year to entire 2008.

CONCLUSION AND CLAIMS AGAINST DEFENDANT'S

Plaintiff realleges the allegation in all paragraphs above and incorporates them herein.
a). Misappropriation- Theft.
From September 2005 to August 2008 defendant's provide fraudulent service to plaintiff Gordan Bates by intentionally deceiving the Gordan Bates with a false

representation, which is known to be false, made with intent to defraud and a promise plaintiff Gordan Bates job and financially support for start up business with intent not to perform it as a part of a false and fraudulent scheme in violation Wis. Stat. § 943.20
b). Defendant discriminate, harassed and treat a plaintiff unequally because of his disability in violation Wis. Stat. § 106.04; Title VII of the Civil Rights Act of 1964
c). Defendant provide false, fraudulent service and fraudulent representation (Wis. Stat. § 100.18(1), false promise and misrepresentation and create an untrue representation of fact and cover this with defamation about plaintiff in violation Wis. Stat. § 942.)

WHEREFORE, Plaintiffs, Gordan Bates, demands judgment against defendant's ass follows:

Plaintiff seeks compensatory and punitive damages as a result of the Defendants deliberate indifference to the verbal and physical peer-on-peer service harassment committed by employee under the defendant (DWD; CAP) direct control and disciplinary authority.

1/. For a monetary loss because of Wis. Stat., § 943, for double damages, court costs and attorneys fees, compensatory and punitive damages.
2/. For reasonable compensatory and punitive damages which Plaintiff and his family sustained as a results from psychological harassment from this fraudulent service, theft, misappropriation, misrepresentation, false promise and defamation in violation Equal Protection Clause of the Fourteen Amendment to the Constitution of the United States and Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2; and Title IX Of The Civil Rights of 1972, 20 U.S.C. §§ 1681-88.; Wis. Stat. § 941; Wis. Stat. § 942; Wis. Stat. § 943; Wis. Stat. § 106.04; Wis. Stat. § 895.443; Wis. Stat § 448.57; Rehabilitation Act of 1973; Wis. Stat. § 100.18(1)
3/. For the cost and disbursements, for punitive and compensatory damage and for such other and further relief as the Court may deem just and equitable.

Dates this 5 day of August, 2008

Gordan Bates
3412 Valley Ridge Rd. #1
Middleton, WI. 53562
Tel. (608) 836-5071
Email: bvgbates@yahoo.com

Plaintiff demands a 12-person jury in this matter.