IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GORDAN BATES,

                                           ORDER

                Plaintiff,

                                        08-cv-465-slc

    v.

STATE OF WISCONSIN - DEPARTMENT
OF WORKFORCE DEVELOPMENT,
STATE OF WISCONSIN - VOCATIONAL
REHABILITATION, ALLIANCE OF IMPARTIAL
HEARING OFFICERS, LESLIE MIRKIN,
MICHAEL GRECO, KAREN LAMBRIGHT,
LINDA VEGOE, MICHAEL SCHNAPP,
DEB HENDERSON-GUETHER, DAVID
BECKER and CLIENT ASSISTANCE PROGRAM,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Gordan Bates has filed a motion for summary judgment. Unfortunately, the motion must be denied. Plaintiff has failed to comply with this court's Procedures to be Followed on Motions for Summary Judgment, a copy of which was sent to him on October 8, 2008, with Magistrate Judge Stephen Crocker's preliminary pretrial conference order.

      Plaintiff has filed a single document in which he lists proposed findings of fact and makes legal arguments and to which he has attached purported evidentiary materials. As the

1

court's procedures make clear, a party's proposed findings of fact are to be set forth in a document separate from the party's legal arguments. In addition, to be admissible as evidence, exhibits must be authenticated. This means they must be attached to an affidavit in which a person who has personal knowledge of what the exhibits are declares under penalty of perjury or swears under oath that the exhibits are true and correct copies of the documents they appear to be. For example, if plaintiff wants to submit copies of email communications he had with or a business plan he submitted to one or more of the defendants, he should prepare an affidavit in which he declares under penalty of perjury that those exhibits (identified by the numbers he gave them) are true and correct copies of email exchanges between him and a particular defendant occurring on such and such a date or dates or the business plan he submitted to a particular defendant on such and such a date. Likewise, if plaintiff wants to submit a copy of portions of his medical records, he must obtain an affidavit from the custodian of the records in which the custodian declares under penalty of perjury or swears under oath that the records are true and correct copies of plaintiff's medical records maintained by the particular medical facility from which he got them.

    Because plaintiff failed to comply with this court's summary judgment procedures and because none of his exhibits are admissible as evidence in light of the fact that they have not been authenticated, plaintiff's motion for summary judgment will be denied. However, the

2

denial of plaintiff's motion does not prejudice plaintiff. I note that on March 23, 2009, defendants filed their own motion for summary judgment. In response to that motion, plaintiff will have an opportunity to explain his version of the facts, submit evidence and raise any legal arguments he wishes to raise relating to the matters at issue in this case. However, plaintiff is encouraged to pay strict attention to the court's summary judgment procedures in preparing his response so that his submissions may be considered by the court. To allow plaintiff to properly authenticate his exhibits, I am returning them to plaintiff with a copy of this order.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED for his failure to comply with the court's Procedures to be Followed on Motions for Summary Judgment.

Entered this 27th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3